**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CENTURY LODGING, LLC D/B/A STUDIO 6 PORT ARTHUR,** *Plaintiff*, | § § § § | |
| **V.** | § § § | **CIVIL ACTION NO. 1:20-CV-00084** **JURY** |
| **PALOMAR SPECIALTY INSURANCE COMPANY,** *Defendant*. | § § § § | |

### PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Palomar Specialty Insurance Company ("Palomar"), files its Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

### I.   PROCEDURAL BACKGROUND

1. On January 29, 2020, Plaintiff, Century Lodging, LLC d/b/a Studio 6 Port Arthur ("Century" or "Plaintiff"), filed its Original Petition in a case styled *Century Lodging, LLC d/b/a Studio 6 Port Arthur v. Palomar Specialty Insurance Company;* Cause No. D-205256, pending in the 136th Judicial District Court of Jefferson County, Texas.

2. Palomar received a copy of this suit on January 30, 2020 and has made an appearance in this case.

3. Palomar files this notice of removal within 30 days of receiving notice of Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

- **Exhibit 1:** The state court's Docket Sheet;
- **Exhibit 2:** Plaintiff's Original Petition;
- **Exhibit 3:** Citation served on Palomar;
- **Exhibit 4:** Defendant's Original Answer; and
- **Exhibit 5:** List of Parties and Counsel and Other Information.

## II. BASES FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. Plaintiff and Defendant Palomar are diverse.**

7. **Plaintiff,** Century Lodging d/b/a Studio 6 Port Arthur is a Domestic Limited Liability Company.

8. **Defendant,** Palomar Specialty Insurance Company is, and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in California. Palomar is wholly owned by Palomar Insurance Holdings Inc., a Delaware company. Palomar Insurance Holdings, Inc. is wholly owned by Palomar Holdings, Inc., a Delaware company. Palomar is therefore not a citizen of the State of Texas for diversity purposes.

9. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant Palomar.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

11. This is a civil action in which the amount in controversy exceeds $75,000. Paragraph 4 of Plaintiff's petition indicates Plaintiff is "seeking monetary relief over $1,000,000." Plaintiff alleges that Defendant is liable under a commercial insurance policy because Plaintiff made a claim under that policy and allegedly Defendant wrongfully adjusted and underpaid Plaintiff's claim. The allegations in Plaintiff's petition indicate Plaintiff is seeking damages for purported breach of contract, Texas Insurance Code violations, Texas Deceptive Trade Practices Act violations, and statutory penalty interest, punitive damages, and attorney's fees.  Though Defendant denies Plaintiff is entitled to the damages sought in Plaintiff's petition, the petition

demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements for federal diversity jurisdiction.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

12. Palomar received notice of this lawsuit on January 30, 2020, when Palomar was served. Thus, Palomar is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

13. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

16. Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Jefferson County District Court pursuant to 28 U.S.C. §1446(d).

17. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:   */s/ George Arnold*
    **George H. Arnold,** *Attorney-in-Charge*
    State Bar No. 00783559
    garnold@thompsoncoe.com
    **Susan Sparks Usery**
    State Bar No. 18880100
    susery@thompsoncoe.com
    THOMPSON, COE, COUSINS & IRONS, LLP
    One Riverway, Suite 1400
    Houston, Texas  77056
    Telephone:  (713) 403-8210
    Facsimile:  (713) 403-8299

**Attorneys for Defendant**
**PALOMAR SPECIALTY INS. CO.**

## CERTIFICATE OF SERVICE

This is to certify that on the 2nd of March, 2020, true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Shaun W. Hodge
THE HODGE LAW FIRM, PLLC
2211 Strand, Ste. 302
Galveston, TX  77550
shodge@hodgefirm.com
*Attorneys for Plaintiff*

*/s/ George Arnold*
George Arnold