DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/29/2020 10:52 AM
JAMIE SMITH
DISTRICT CLERK
D-205256

CAUSE NO. D-205256

| | | |
|---|---|---|
| CENTURY LODGING, LLC D/B/A | § | IN THE 136th |
| STUDIO 6 PORT ARTHUR | § | |
|    Plaintiff | § | |
| | § | DISTRICT COURT OF |
| v. | § | |
| | § | |
| PALOMAR SPECIALITY | § | JEFFERSON COUNTY, TEXAS |
| INSURANCE COMPANY | | |
|    Defendant | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CENTURY LODGING D/B/A STUDIO 6 PORT ARTHUR (hereinafter referred to as "Plaintiff"), and file this *Plaintiffs' Original Petition*, complaining of PALOMAR SPECIALITY INSURANCE COMPANY ("Palomar" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff, **CENTURY LODGING, LLC** is an organized entity operating under the laws of the State of Texas and doing business in Jefferson County, Texas.

3.    Defendant **PALOMAR SPECIALITY INSURANCE COMPANY** is an insurance company registered with the Texas Department of Insurance engaging in the business of

**EXHIBIT 2**

insurance in the State of Texas.   The Defendant may be served with process by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $1,000,000. Plaintiffs reserve the right to amend the petition during or after the discovery process.

5.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

6.    Venue is proper in Jefferson County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.    Plaintiff is the owner of Texas Insurance Policy Number PAR-17-0000247-00 (hereinafter the "Policy"), which was issued by Defendant.

8.    Plaintiffs own the insured property, which is specifically located at 3000 Jimmy Johnson Blvd., Port Arthur, Texas (hereinafter the "Property").

9.    Defendant sold the Policy insuring the Property to Plaintiffs.

10.   On or about August 25, 2017, the Plaintiff suffered a covered cause of loss to the insured property from wind/hail from Hurricane Harvey.

11.   Plaintiffs submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the hail and/or windstorm. Upon information and belief, Defendant assigned number CINC-0098A9 for the claim.

12.   Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy. After a cursory inspection the Defendant issued payment in the amount of $0.00 for the claim.

13.   Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

14.   As detailed in the paragraphs below, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15.   To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

16.   Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy,

although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

17.     Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Defendant was aware of its liability to Plaintiffs under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendant failed to explain to the Plaintiffs the reasons for its offer of an inadequate settlement.   Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.     Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendant's

conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.   Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.   Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23.   From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.   Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

25.   As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## CAUSES OF ACTION

26.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

27.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

28.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

29.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

30.     The Defendant's breach proximately caused Plaintiffs' injuries and damages.

31.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34.   Defendant's unfair settlement practice, as described above, of failing to attempt in good
      faith to effectuate a prompt, fair, and equitable settlement of the claim, even though
      Defendant liability under the Policy was reasonably clear, constitutes an unfair method of
      competition and an unfair and deceptive act or practice in the business of insurance. TEX.
      INS. CODE §541.060(a)(2)(A).

35.   Defendant's unfair settlement practice, as described above, of failing to promptly provide
      Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or
      applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair
      method of competition and an unfair and deceptive act or practice in the business of
      insurance. TEX. INS. CODE §541.060(a)(3).

36.   Defendant's unfair settlement practice, as described above, of failing within a reasonable
      time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of
      rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive
      act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37.   Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs'
      claim without conducting a reasonable investigation, constitutes an unfair method of
      competition and an unfair and deceptive act or practice in the business of insurance. TEX.
      INS. CODE §541.060(a)(7).

38.   Each of the foregoing unfair settlement practices were completed knowingly by the
      Defendant, and were a producing cause of Plaintiffs' injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

39.   The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave
      proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes

multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

40.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

41.     Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

43.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

45.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

46.     Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

47.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. &
        COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading
        or deceptive acts and practices."

48.     Plaintiffs are individually and collectively a "consumer" in that Plaintiffs acquired goods
        and/or services by purchase, and the goods and/or services form the basis of this action.

49.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

        a)     Represented that goods or services have sponsorship, approval, characteristics,
               ingredients, uses, benefits, or quantities which they do not have;

        b)     Represented that an agreement confers or involves rights, remedies, or obligations
               which it does not have or involve, or which are prohibited by law;

        c)     Failed to disclose information concerning goods or services which was known at
               the time of the transaction when such failure to disclose such information was
               intended to induce the consumer into a transaction into which the consumer would
               not have entered had the information been disclosed;

        d)     Generally engaged in unconscionable courses of action while handling the Claim;
               and/or

        e)     Violated the provisions of the Texas Insurance Code described herein.

50.     The Defendant took advantage of the Plaintiffs' lack of knowledge, ability, experience or
        capacity to a grossly unfair degree and to the Plaintiffs' detriment.  The Defendant's acts
        also resulted in a gross disparity between the value received and the consideration paid in
        a transaction involving the transfer of consideration.  As a result of the Defendant's
        violations of the DTPA, Plaintiffs suffered actual damages.  In addition, the Defendant
        committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times
        Plaintiffs' damages for economic relief.

## COMMON LAW FRAUD

51.     Defendant is liable to Plaintiffs for common law fraud.

52.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

54.     The Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiffs with the intent of inducing Plaintiffs to accept a denial and/or underpayment of insurance benefits. The Defendant allowed Plaintiffs to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment. Plaintiffs relied upon said statements in accepting the denial and/or underpayment of the Claim, and suffered injury as a result.

## DAMAGES

55.     Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully requests the Court and jury award the amount of loss Plaintiffs have incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for their injuries, damages, and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of

damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

56.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

57.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

58.     For breach of contract, Plaintiffs are entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees and pre-judgment interest.

59.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

60.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

61.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

62. For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

63. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

64. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

65. Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

66. Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' Original Petition*.

## REQUEST FOR DISCLOSURE

67. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the

Plaintiffs as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFF